UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:19-cv-22601-DPG

ROBERTO ORTIZ,
    Plaintiff,
vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC, and AMERICAN HONDA
FINANCE CORPORATION,
    Defendants.
_____/

## **PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff, Roberto Ortiz ("Ortiz"), according to Fed. R. Civ. P. 26(a)(1), tenders his initial disclosures.

Individuals Likely to Have Discoverable Information [Rule 26(a)(1)(A)(i)]

1. Plaintiff, Roberto Ortiz
c/o Joey D. Gonzalez
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073, Coral Gables, FL 33114-145073
Tel 305-720-3114; Fax 786-221-0298
joey@joeygonzalezlaw.com

Leo Bueno
LEO BUENO, ATTORNEY, P.L.L.C.
P.O. Box 141679, Coral Gables, FL 33114-1679
Tel 305-669-5260
leo@buenolaw.com

Subject(s): All facts including Plaintiff's credit history and credit reporting by Defendants, disputes, credit applications and denials. The Plaintiff has knowledge of the facts alleged in the Complaint, as well as the harm caused by the appearance and/or reappearance of false and damaging information in her credit reports.

2. Defendant, Experian Information Solution (and its employees).
c/o Michael A. Maugans
JONES DAY

600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel 305-714-9700; Fax 305-714-9799
mmaugans@jonesday.com

Subject(s): Defendant has knowledge of its credit reporting about Plaintiff, Plaintiff's disputes, reinvestigations of Plaintiff's disputes, and the defenses it has asserted in this case. All facts regarding the subject matter of the Complaint. Defendant has information supporting Plaintiff's claims including, but not limited to, matters pertaining to: (1) communications by and between Plaintiff and Defendant, including any and all disputes made by Plaintiff with respect to the accuracy of information contained in Plaintiff's consumer report; (2) any and all reinvestigations conducted (or not conducted) by Defendant with respect to Plaintiff's disputes, and Defendant's policies and procedures with respect to reinvestigations.

3. Defendant TransUnion LLC., (and its employees).
c/o Andrew G. Tuttle
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Tel 305-789-9200; Fax 305-728-7510
atuttle@fowler-white.com

Subject(s): Defendant has knowledge of its credit reporting about Plaintiff, Plaintiff's disputes, reinvestigations of Plaintiff's disputes, and the defenses it has asserted in this case. All facts regarding the subject matter of the Complaint. Defendant has information supporting Plaintiff's claims including, but not limited to, matters pertaining to: (1) communications by and between Plaintiff and Defendant, including any and all disputes made by Plaintiff with respect to the accuracy of information contained in Plaintiff's consumer report; (2) any and all reinvestigations conducted (or not conducted) by Defendant with respect to Plaintiff's disputes, and Defendant's policies and procedures with respect to reinvestigations.

4. Defendant American Honda (and its employees).
c/o C. Brent Wardrop
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
10902 Crabapple Road
Roswell, Georgia 30075
Tel 770-650-8737
brent.wardrop@qpwblaw.com

Subject(s): Defendant has knowledge of Plaintiff's credit history with American Honda. The information it furnished to co- defendants, Experian and TransUnion regarding Plaintiff's credit account. Defendant also has knowledge of Plaintiff's disputes, reinvestigations of Plaintiff's

disputes, and the defenses it has asserted in this case and Defendant's policies and procedures with respect to furnishing consumer credit information to the credit reporting agencies.

Documents, ESI and Tangible Things [see Rule 26(a)(1)(A)(ii)]

5. Copies of documents currently in Plaintiff's possession:

- Letters from Acura Financial Services dated June 1, 2018, October 12, 2018 and April 5, 2019.
- Credit application denial by Capital One dated September 14, 2018
- Credit application denial by First American Bank dated March 18, 2019
- Mortgage escrow increase by Primary Residential Mortgage dated December 26, 2018
- Dispute responses by Experian dated August 18, 2018 and September 16, 2018
- Dispute response by TransUnion dated August 18, 2018
- Insurance rate increase by Universal Insurance Company dated September 6, 2018

Plaintiff also anticipates using documents obtained from Defendants and one or more third-party which are discovered through the course of this litigation.

Computation of Each Category of Damages [Rule 26(a)(1)(A)(iii)]

6. **Actual Damages.** Plaintiff seeks an actual damages award against Defendants for the economic, as well as the non-economic (e.g., mental, emotional, and/or physical), harm and injuries suffered as a direct and proximate result of Defendants' violations of the FCRA, as outlined in the Complaint.

*Economic* damages include time spent dealing with the problems caused by the inaccurate credit reporting, postage, copying costs, injury to credit reputation, loss of credit opportunities. The amount of these damages will be determined by the jury.

Specific examples of credit denials/adverse actions: Plaintiff has experienced specific and known damage to his credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate derogatory information contained in his credit files. Plaintiff has also experienced out of pocket damages consisting of costs associated with making the disputes, for example, postage and travel to lawyers and financial institutions.

*Non-economic* actual damages are not liquidated and do not lend themselves to a statement of a dollar-specific calculation at this early stage in the litigation.  *See*, *e.g.*, *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

Plaintiff may have suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and

derogatory information contained in his credit reports. Plaintiff has spent considerable time, effort and expense as she has been forced to force Defendants to comply with its statutory obligations including making telephone calls, writing letters and sending faxes.

***Emotional distress.*** The publication of false derogatory information regarding his credit has damaged Plaintiff resulting in mental anguish, frustration and annoyance. The amount of these damages will be determined by the jury. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

Plaintiff may have also suffered embarrassment from having to explain himself to potential creditors as well. Plaintiff suffers anxiety when considering seeking additional credit because he believes, justifiably, that she will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about him.

7. **Punitive** damages in an amount determined by the jury.  Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness, and through the testimony of the employees of the Defendant against who such damages are sought.

8. **Statutory** damages of $1,000. Plaintiff seeks a statutory damages award assessed against Defendants, pursuant to section 1681*n* of the FCRA. Plaintiff anticipates an award of statutory damages under the FCRA regardless of whether it is determined by the jury that Plaintiffs suffered actual damages.  *See Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009).

9. **Case Law Supporting Actual Damages.** Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements:

*Ayers v. Experian Info. Solutions, Inc.*, No. 3:03CV1048 (E.D. Va. 2004) ($95,000 offer of judgment accepted for claimed damages of emotional distress and mortgage denial under 15 U.S.C. § 1681e(b)).

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day).

*Drew v. Equifax*, No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010) ($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals).

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages).

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Ore. Jan. 20, 2003) (docket #184) ($300,000 actual damage for emotional distress).

10. **Case Law Supporting Punitive Damages.** Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases:

*Boris v. ChoicePoint Servs.*, Inc., 249 F.Supp.2d 851, (W.D. Ky. 2003) ($250,000 in punitive damages award was appropriate under FCRA)

*Cortez v. Trans Union, LLC*, No. 05-cv-05684-JF (E.D. Pa. April 26, 2007) (un-published) (jury verdict: $50,000 in actual damages, $750,000 in punitive damages)

*Mills v. NationsBank, N.A.*, 3d Judicial District of Florida (Lake County 1999) (Jury award $300,000 punitive damages for false credit reports)

*Mullins v. Equifax Info. Servs., Inc.*, 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

11. **Attorney's fees and costs**. Plaintiff seeks attorney's fees and costs according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

12. Pre-judgment and post-judgment interest.

Insurance Agreements [see Rule 26(a)(1)(A)(iv)]

13. None.

Respectfully submitted on September 18, 2019, by:

/s/ Joey D. Gonzalez
Joey D. Gonzalez, Fla. Bar # 127554
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073, Coral Gables, FL 33114-145073
Tel 305-720-3114; Fax 786-221-0298
joey@joeygonzalezlaw.com

and

/s/ Leo Bueno
Leo Bueno, Fla. Bar # 716261
LEO BUENO, ATTORNEY, P.L.L.C.
P.O. Box 141679, Coral Gables, FL 33114-1679
Tel 305-669-5260
Leo@BuenoLaw.com

Attorneys for Plaintiff