**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ROBERTO ORTIZ,

      Plaintiff,

v.

                                            **Case No. 19-CV-22601**

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC, and AMERICAN HONDA
FINANCE CORPORATION,

      Defendants,

## SUPPLEMENTAL RULE 26 DISCLOSURES BY DEFENDANT, AMERICAN HONDA FINANCE CORPORATION

Defendant, AMERICAN HONDA FINANCE CORPORATION ("AHFC"), by and through its undersigned attorneys, hereby makes the following supplemental disclosures based upon the information reasonably available as of the date set forth below, without waiving its rights to supplement and/or amend same as additional information becomes available.

**A.**       **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following persons may possess discoverable information which the Defendant may use to support its defenses:

      1.       Roberto Ortiz
               c/o his attorneys Leo Bueno, Esq. and Joey D. Gonzalez, Esq.
               Coral Gables, FL

It is believed that Roberto Ortiz has knowledge of his affirmative claims, alleged damages and information pertaining to the subject lease agreement, as well as payments that were made or not made pursuant to the terms of the subject leasing agreement, any alleged adverse credit implications, and all relevant written and oral communications in and regarding

this action.  This includes, without limitation, all alleged credit disputes, credit applications, and

credit denials.

2. American Honda Finance Corporation
c/o Quintairos, Prieto, Wood & Boyer, P.A.
10902 Crabapple Road
Roswell, GA 30074

It is believed that AHFC's representatives and/or its agents have knowledge about the

subject leasing agreement, payments made and/or missed pursuant to the leasing agreement, as

well as any communications with plaintiff and co-defendants in this action.

3. Experian Information Solutions, Inc. ("Experian")
c/o Michael A. Maugans
Jones Day
600 Brickell Avenue, Suite 3300
Miami, FL 33131

It is believed that representatives at this company have knowledge about Plaintiff's credit

reporting claims against AHFC, as well as any communications with plaintiff.

4. Trans Union, LLC ("Trans Union")
c/o Andrew G. Tuttle
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue, 14th Floor
Miami, FL 33131

It is believed that representatives at this company have knowledge about Plaintiff's credit

reporting claims against AHFC, as well as any communications with plaintiff.

5. Credit furnishers who Plaintiff alleges denied him credit opportunities
Names and Addresses Unknown at this time

It is believes that one or more providers who denied credit to Plaintiff (and whose identity is yet to be determined) have knowledge of Plaintiff's alleged denial of credit opportunities.

**B.        A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Defendant may rely on the following categories of documents and things to support its defenses:

1.        All pleadings, declarations, and exhibits on file to date and all future pleadings, deposition testimony, and declarations to be filed in the above-captioned action.

2.        The subject lease agreement, a copy of which will be provided via e-mail with these disclosures.

3.        Correspondence from AHFC to Plaintiff, copies of which will be provided via e-mail with these disclosures

4.        All documents supplied by Plaintiff in the course of discovery.

5.        All relevant communications between Plaintiff and AHFC.  Defendant believes such documents are in Plaintiff's possession, custody, or control.

6.        All relevant communications between Plaintiff and Experian as well as any relevant documents in the possession of the latter.  Defendant believes such documents are in Plaintiff's and Experian's possession, custody, or control.

7.        All relevant communications between Plaintiff and Trans Union, as well as any relevant documents in the possession of the latter. Defendant believes such documents are in Plaintiff's and Trans Union's possession, custody, or control.

8.      All relevant documents between Plaintiff and any other credit furnishers who Plaintiff claims denied him credit opportunities.  Defendant believes such documents are in Plaintiff's possession, custody, or control.

9.      All documents listed or referenced in Plaintiff's initial disclosures.

**C.      A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

N/A as to this Defendant.

**D.      For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

To the extent applicable insurance exists, AHFC reserves the right to amend this response accordingly.

Dated: January 22, 2020

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
*Attorneys for Defendant American Honda Finance Corporation*

By:    /s/ C. Brent Wardrop
    C. Brent Wardrop, Esq.
    Florida Bar No. 0015853
    Georgia Bar No. 553733
    10902 Crabapple Road
    Roswell, Georgia 30075
    Tel: (770) 650-8737
    brent.wardrop@qpwblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of January, 2020, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system, which will send a

notice of electronic filing to the following counsel of record:

| | |
|---|---|
| Leo Bueno, Esq. | Joey D. Gonzalez, Esq. |
| Leo Bueno, Attorney, PLLC | Joey Gonzalez, Attorney, P.A. |
| P.O. Box 141679 | P.O. Box 145073 |
| Coral Gables, FL 33114-1679 | Coral Gables, FL 33114-5073 |
| Leo@BuenoLaw.com | Joey@JoeyGonzalezLaw.com |
| Attorneys for Plaintiff | Attorneys for Plaintiff |
| | |
| Michael Alexander Maugans, Esq. | Andrew Garrett Tuttle, Esq. |
| Genna Sinel, Esq. | Fowler White Burnett PA |
| Jones Day | Northbridge Centre |
| 600 Brickell Avenue | 515 N. Flagler Drive |
| Miami, FL 33131 | Suite 2100 |
| mmaugans@jonesday.com | West Palm Beach, FL 33401 |
| gsinel@jonesday.com | atuttle@fowler-white.com |
| Attorneys for Experian | Attorneys for TransUnion |

By:    <u>C. BRENT WARDROP</u>
            C. Brent Wardrop, Esq.