IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-CV-22601-DPG

ROBERTO ORTIZ,

                Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC, and AMERICAN HONDA
FINANCE CORPORATION,

                Defendants.
_____/

## **NOTICE OF FILING**

Plaintiff gives notice of filing the attached *Agreed Order on Parties' Joint Motion For Agreed Protective Order*.

Dated: February 11, 2020

Respectfully submitted by,
/s/Joey D. Gonzalez
Joey D. Gonzalez,
Fla. Bar No. 127554
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073, Coral Gables, FL 33114-5073
Tel: 305-720-3114
Joey@JoeyGonzalezLaw.com

/s/ Leo Bueno
Leo Bueno,
Fla. Bar #: 716261
LEO BUENO, ATTORNEY, PLLC
P.O. Box 141679, Coral Gables, FL 33114-1679
Tel: 305-669-5260
Leo@BuenoLaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:19-CV-22601-DPG**

ROBERTO ORTIZ,

          Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC, and AMERICAN HONDA
FINANCE CORPORATION,

          Defendants.                         /

**AGREED ORDER ON PARTIES' JOINT MOTION FOR
AGREED PROTECTIVE ORDER**

THIS CAUSE having come before the Court on the Parties' Agreed Motion for Protective Order (the "Motion"), and the Court having considered said Motion, noting the Parties' agreement, and otherwise being fully advised herein, it is

**ORDERED AND ADJUDGED** that:

The Motion is GRANTED, such that the Parties must comply with the provisions of this Order, including as follows:

Roberto Ortiz has filed this lawsuit (the "Litigation") against Defendants, Experian Information Solutions, Inc., Trans Union, LLC, and American Honda Finance Corporation, (collectively, hereinafter referred to as the "Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

4166854.1

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential.  Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order.  At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed

testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

In the event the Parties intend to file Confidential Information with the Court, they shall file it under seal pursuant to the requirements of Court for filing documents under seal.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies.

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has tried to resolve the disagreement in good faith on an informal basis. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information.  Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing Plaintiff and Defendants with written notice that they intend to comply with and be bound by the terms of this Protective Order.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced.

This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

DONE AND ORDERED in Chambers at _____ Florida, this \_\_\_\_\_ day of _____ 2020.

**HONORABLE DARRIN P. GAYLES**
UNITED STATES DISTRICT JUDGE

**AGREED:**

/s/ Joey D. Gonzalez
**JOEY D. GONZALEZ**
Florida Bar No. 127554
COUNSEL FOR PLAINTIFF
**JOEY GONZALEZ, ATTORNEY, P.A.**
P.O. Box 145073
Coral Gables, FL 33114
Telephone: (305) 720-31154
Facsimile:  (305) 676-8998
joey@joeygonzalezlaw.com

and

/s/ Leo Bueno
**LEO BUENO**
Florida Bar No. 716261
**LEO BUENO, ATTORNEY, PLLC**
P.O. Box 141679
Coral Gables, FL 33114
Telephone: (305) 669-5260
Facsimile:  (305) 676-8998
leo@buenolaw.com

/s/ Andrew G. Tuttle
**ANDREW G. TUTTLE**
Florida Bar No. 118467
COUNSEL FOR TRANS UNION LLC
**FOWLER WHITE BURNETT, P.A.**
Esprito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, FL 33131
Telephone: (305) 789-9200
Facsimile:  (305) 728-7510
atuttle@fowler-white.com

/s/ Christopher Brent Wardrop
**CHRISTOPHER BRENT WARDROP**
Florida Bar No. 15853
COUNSEL FOR AMERICAN HONDA FINANCE CORPORATION
**QUINTAIROS, PRIETO, WOOD & BOYER, PA**
10902 Crabapple Road
Roswell, GA 30075
Telephone: (770) 650-8737
brent.wardrop@qpwblaw.com

/s/ Genna Sinel
**GENNA SINEL**
Florida Bar No. 1015643
COUNSEL FOR EXPERIAN INFORMATION SOLUTIONS, INC.
**JONES DAY**
600 Brickell Avenue
Miami, FL 33131
Telephone: (305) 714-9764
Facsimile:  (305) 714-9799
gsinel@jonesday.com

## **EXHIBIT A**

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Roberto Ortiz v. Experian Information Solutions, Inc., et al.*, Civil Action No. 1:19-cv-22601-DPG, which is currently pending in the United States District Court for the Southern District of Florida, Miami Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____  Signed: _____

Printed: _____